UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PAUL ALFRED MANGANELLO,

    Plaintiff,

v.                                               Case No:  2:22-cv-706-JLB-NPM

JACINDA HAYNES, Marshal of
the Court – Second District Court
of Appeals Lakeland Branch,
DEPARTMENT OF JUSTICE,
FEDERAL EMERGENCY
MANAGEMENT AGENCY,
DEPARTMENT OF
TRANSPORTATION,

    Defendants.
_____/

## ORDER

This matter comes before the Court on review of the Complaint (Doc. 1) filed on November 3, 2022.[1] Plaintiff alleges that subject matter jurisdiction is premised on the presence of a federal question. (Doc. 1, at 3). Plaintiff cites Title 28, United States Code, section 1391(e)(1) as the basis for federal question jurisdiction. (*Id.*) Plaintiff alleges that "[d]efendant aggressively stalks petitioner at home living with parents and in car driving, retail parking lot, all public places, indoor thru the windows." (*Id.* at 4). Plaintiff alleges that the "[a]t home stalking and electrical surveillance" is "using pressure and light from the electrical grid and appliances, automobiles, home a/c outdoor unit and indoor airhandler." (*Id.* at 5).

---

[1] If the Court determines "at any time" that it lacks subject-matter jurisdiction, the Court must dismiss the case. Fed. R. Civ. P. 12(h)(3).

Federal question jurisdiction arises under 28 U.S.C. § 1331, which states that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." "The test ordinarily applied for determining whether a claim arises under federal law is whether a federal question appears on the face of the plaintiff's well-pleaded complaint." *Connecticut State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1343 (11th Cir. 2009) (citing *Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149, 152 (1908)). Here, Plaintiff cites 28 U.S.C. § 1391(e)(1), which governs the proper venue for actions where a defendant is an officer or employee of the United States, as the basis for federal question jurisdiction. Venue is a procedural mechanism, not a basis for federal question jurisdiction. *See, e.g., American Dredging Co. v. Miller*, 510 U.S. 443, 453 (1994) ("[V]enue is a matter that goes to process rather than substantive rights . . . .").

Further, the Department of Justice, Federal Emergency Management Agency, and Department of Transportation are also named as defendants, but there are no allegations against them. Because the Court cannot conclude that it has subject matter jurisdiction, it dismisses this action without prejudice.

Plaintiff has filed several other cases in this district, all on the same set of facts, two of which have been dismissed for lack of subject matter jurisdiction, and one of which was dismissed because it was "nonjusticiable." *See, e.g., Manganello v. Marshal of the Court*, 8:22-cv-00092-WFJ-SPF; *Manganello v. Haynes*, 2:22-cv-00343-JES-NPM; *Manganello v. Haynes*, 2:22-cv-00469-JES-NPM. **The Court**

advises Plaintiff that continually filing complaints that are readily dismissed for lack of subject matter jurisdiction may subject Plaintiff to monetary sanctions under Federal Rule of Civil Procedure 11.

**ORDERED:**

1. The Complaint (Doc. 1) is **DISMISSED** for lack of subject matter jurisdiction.
2. The Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) is **DENIED** as moot.
3. The Clerk of the Court shall enter judgment dismissing the case without prejudice, terminate all deadlines, and close the case.

ORDERED at Fort Myers, Florida on January 4, 2023.

*/s/ John L. Badalamenti*
JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE